LINDA CLAXTON, CA Bar No. 125729
linda.claxton@ogletreedeakins.com
VICKY H. LIN, CA Bar No. 253767
vicky.lin@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213.239.9800
Facsimile: 213.239.9045

Attorneys for Defendants
ADT LLC, Wesley Lamberth,
and Shannon Slight

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Sherry Dowd,<br><br>          Plaintiff,<br><br>     v.<br><br>Wesley Lamberth<br>Shannon Slight<br>ADT, LLC<br>and Does 1 to 10,<br><br>          Defendants. | Case No. 8:15-cv-00248<br><br>**DEFENDANT ADT LLC'S NOTICE OF REMOVAL OF ACTION**<br><br>**[28 U.S.C. §§ 1332(a), 1441(a), 1446]**<br><br>[Superior Court for the County of Orange, Case No. 30-2014-00763472]<br><br>Complaint Filed: December 29, 2014<br>Trial Date:      None Set<br>Judge:          Hon. _____ |

20305550_1.docx

Case No. _____

DEFENDANT ADT LLC'S NOTICE OF REMOVAL OF ACTION

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF IN PRO PER:**

PLEASE TAKE NOTICE THAT Defendant ADT LLC ("ADT") through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California for the County of Orange – Central Justice Center, to the United States District Court for the Central District of California, Southern Division.  In support of this removal, ADT states as follows:

## I.     ADT TIMELY AND SUCCESSFULLY REMOVED THE FIRST STATE COMPLAINT FILED BY PLAINTIFF

1. On or about October 30, 2014, Plaintiff Sherry Dowd ("Plaintiff" or "Dowd") commenced this action by filing an unverified Complaint in the Superior Court of California for the County of Orange, entitled Sherry Dowd v. ADT, LLC and DOES 1 through 10, *inclusive*, and bearing the docket number 30-2014-00753580 (the "First Action" or "First Complaint").

2. This First Complaint asserted claims for "Racial and Sexual Discrimination" against ADT only.  (A true and correct copy of the Summons and Complaint is attached as **Exhibit "A"** to this Notice of Removal ("Notice")).  The basis for the claims was that: (1) her supervisor, Wesley Lamberth ("Lamberth") refused to train her (Exhibit A – First Complaint, ¶¶ 1-2, 1:25-2:4); and (2) Plaintiff notified Shannon Slight ("Slight"), Lamberth's manager, of the failure to train but Slight "did nothing to correct the matter[.]"  (Exhibit A – First Complaint, ¶ 2, 2:3-4.)

3. On December 5, 2014, ADT timely removed the First Action to the United States District Court for the Central District of California, Southern Division.  (A true and correct copy of the Notice of Removal is attached as **Exhibit B** to this Notice.)  The Central District designated this Case Number 8:14-cv-01930-AG-and assigned it to District Judge Andrew J. Guilford and Magistrate Judge Arthur Nakazato.  (A true and correct copy of the Notice of Assignment to United States

Judges is attached as **Exhibit C** to this Notice.)

4.      Counsel for ADT communicated with Plaintiff on three occasions—specifically on December 7, 9, and 23—to meet and confer on ADT's intent to file a motion to dismiss the First Action because it failed to state a claim for relief.

5.      On December 30, 2014, ADT filed a motion to dismiss the First Action on the grounds that it fails to state any claim for relief.  (A true and correct copy of the Motion to Dismiss is attached as **Exhibit D** to this Notice.)

## II.      PLAINTIFF THEN FILED A SECOND STATE COURT COMPLAINT

6.      Thereafter, on January 13, 2015, Plaintiff served ADT with a newly filed Complaint in the Superior Court of California for the County of Orange, entitled Sherry Dowd v. Wesley Lamberth[,] Shannon Slight[,] ADT, LLC and DOES 1 through 10, *inclusive*, and bearing the docket number 30-2014-00763472 (the "Second Action" or "Second Complaint")—thereby initiating a second lawsuit. (A true and correct copy of the Summons and Second Complaint is attached as **Exhibit "E"** to this Notice.) Declaration of Yasmine Zyne ("Zyne Decl."), ¶ 2.

7.      The only claim alleged in the Second Complaint is for "injury suffered from stress and anxiety" and is based on the same nucleus of facts as the First Complaint—namely that Wesley Lamberth purportedly failed to train Plaintiff and Slight failed to rectify the matter after receiving Plaintiff's complaint.  *Compare* Exhibit A – First Complaint, ¶¶ 1-2, 1:25-3:4 *with* Exhibit E – Second Complaint, 2:7, 2:2-7.

8.      As set out more fully below, this Action is one over which this Court has original jurisdiction and is one that may be removed to this Court under 28 U.S.C. §§ 1332(a), 1441(a) and 1446, in that this dispute is between citizens of different states and the alleged amount in controversy is greater than $75,000, as set forth below.

/ / /

/ / /

2

Case No. _____

DEFENDANT ADT LLC'S NOTICE OF REMOVAL OF ACTION

## III. THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED

9. In accordance with 28 U.S.C. §1446(a), this Notice is filed in the District Court in which the action is pending. The Orange County Superior Court is located within the Southern Division of the Central District of California. Therefore, venue is proper in this Court pursuant to 28 U.S.C. §84(c)(3) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

10. In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached to this Notice as Exhibit E.

11. Defendant ADT was initially served with the Summons and Second Complaint on January 13, 2015. Zyne Decl. ¶ 2.

12. In accordance with 28 U.S.C. §1446(b), this Notice of Removal was filed within 30 days after the initial service of the Complaint on ADT.

13. In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon Plaintiff and a notice will be filed with the Clerk of the Superior Court of California for the County of Orange. Notice of Compliance shall be filed promptly thereafter with this Court.

## IV. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

14. As set forth below, Plaintiff's claims are removable under 28 U.S.C. §1332(a) (diversity of citizenship).

### A. Diversity of Citizenship Requirement is Established

15. This matter is a civil action within the meaning of 28 U.S.C. § 1331, and one over which this Court has original jurisdiction under 28 U.S.C. § 1332. It is an action which may be removed to this Court by ADT pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and

costs.

16. **Plaintiff is a citizen of California**.  For diversity purposes, an individual is a "citizen" of the state in which he is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  An individual's domicile is the place she resides with the intention to remain or to which she intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

17. Plaintiff was at all times relevant, and still is, a resident of the State of California.  Her current address is 2222 6th Street, # 201, Long Beach, California.  *See* Exhibit E, Plaintiff's Second Complaint (caption page listing Plaintiff's residential address in California).  According to ADT's records, as kept in the normal course of business, Plaintiff's last-known address was also in California: 4066 Platt Avenue, Lynwood, California.  Declaration of Tricia Cole ("Cole Decl.") ¶ 3, 1:11-14.  Evidence of residence in a state creates a presumption that an individual is domiciled in the state.  *See State Farm Mut. Automobile Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir.1994) ("a party's place of residence is *prima facie* evidence of domicile"); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (finding that evidence of plaintiff's residency in the state alleged as his domicile created a presumption that plaintiff was domiciled in the state).

18. **ADT is a citizen of Florida and Delaware**.  "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  ADT was, at the time of the filing of this action, and remains, a Delaware limited liability company with its principal place of business in Boca Raton, Florida.  (Zyne Decl. ¶ 3.)  ADT consists of one member—ADT U.S. Holdings, Inc.—which was at all times incorporated in Delaware and its corporate headquarters is located in Boca Raton, Florida.  (*Id*. at ¶ 3.)  Moreover, ADT's corporate headquarters likewise is located in Boca Raton, Florida.  (Id. ¶ 5.)  Boca Raton is also where ADT's "high level" officers (including its Chief Executive Officer) direct, control, and coordinate

ADT's business operations. (*Id*. at ¶ 5.) ADT's core executive and administrative functions are carried out in its headquarters in Florida, including but not limited to all legal work and analysis, policy-making and decisions, corporate communications (internal and external), advertising and marketing, and computer operations. (*Id*. at ¶ 6.) Therefore, ADT is a citizen of both Delaware and Florida, and is clearly not a citizen of California, and complete diversity exists as between Plaintiff and ADT. 28 U.S.C. § 1332(a).

19. **Lamberth's and Slight's citizenships are not considerations because they are sham defendants who have been fraudulently joined to this action**. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc*., 154 F.3d 1284, 1287 (11th Cir. 1988). Joinder is deemed fraudulent "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id*. Fraudulent joinder applies when the court determines that the plaintiff has failed to state a cause of action against the non-diverse defendant. *Morris v. Princess Cruises, Inc*., 236 F.3d at 1067. If the plaintiff fails to state a cause of action against the non-diverse defendant, and the failure is obvious according to settled state law, then the joinder is deemed fraudulent and removal based on diversity is proper. *Id*. at 1067; *McCabe v. General Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987). It does not have to be shown that the purpose of joinder was to prevent removal. *Good v. Prudential Ins. Co*., 5 F.Supp.2d 804, 807 (N.D. Cal. 1998).

20. Plaintiff cannot state a claim for relief against Lamberth or Slight based on "injury suffered from stress and anxiety". Here, Plaintiff's entire claim for emotional distress against Lamberth and Slight is based on allegations that Lamberth and Slight failed to provide Plaintiff the training she believes she deserved. (Exhibit E, 2:7, 3:2-3.

/ / /

5

Case No. _____

DEFENDANT ADT LLC'S NOTICE OF REMOVAL OF ACTION

21.     To the extent that Plaintiff's emotional distress claim is one for intentional infliction of emotional distress, it fails based on well-established case law.  To plead a cause of action for intentional infliction of emotional distress, Plaintiff must show: (1) extreme and outrageous conduct that is directed at the Plaintiff, (2) the intention to cause, or acting in conscious disregard of the probability of causing, emotional distress, (3) severe emotional distress, (4) actual and proximate cause of the emotional distress, and (5) consequential damages caused by the emotional distress.  *Christensen v. Superior Court,* 54 Cal.3d 868, 903–905 (1991).

22.     In the seminal case of *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 80 (1996), the California appellate court ruled that "[m]anaging personnel is not outrageous conduct beyond the bounds of human decency," even where the decision maker allegedly had unlawful motives.  *See also Gonzales v. City of Martinez*, 638 F. Supp. 2d 1147, 1161 (N.D. Cal. 2009) (dismissing plaintiff's emotional distress and harassment claims because they were based on personnel management actions).  In other words, no managerial decision or action can be the basis for an intentional infliction of emotional distress claim.

23.     Here, Lamberth's and Slight's purported refusal to ensure that Plaintiff was trained is a managerial and employment action that cannot serve as the basis for any intentional infliction of emotional distress claim.  *Janken*, 46 Cal. App. 4th at 64-65 (holding that managerial decisions include those about  "hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, ***the provision of support***, the assignment or non-assignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like." (emphasis added).

24.     Second, to the extent Plaintiff's claim for relief is for negligent infliction of emotional distress, it also fails because it is wholly preempted by California's workers' compensation scheme.   As noted by the California Supreme Court in *Shoemaker v. Myers*, 52 Cal. 3d 1, 25 (1990), when the claim of emotional

20305550_1.docx

Case No. _____

DEFENDANT ADT LLC'S NOTICE OF REMOVAL OF ACTION

distress is based on conduct such as managerial actions, it is within the course and scope of the employment relationship and the claim is preempted by exclusive remedy within the California's Workers' Compensation Act. *See* Labor Code § 3200, *et seq.*; *Miklosy v. Regents of Univ. of California*, 44 Cal. 4th 876, 902 (2008) (dismissing plaintiffs' emotional distress claim because discipline and criticism in the workplace do not "exceed[] the risks inherent in the employment relationship"); *Livitsanos v. Super. Ct.*, 2 Cal. 4th 744, 754 (1992) ("So long as the basic conditions of compensation are otherwise satisfied (Lab. Code, § 3600), and the employer's conduct [does not] exceed[] the risks inherent in the employment relationship [citation omitted], an employee's [intentional and negligent infliction of emotional distress injuries] are subsumed under the exclusive remedy provisions of workers' compensation."). Here, there is no question that the decision of whether to provide training is within the risks inherent in the employment relationship. Accordingly, Plaintiff's causes of action for intentional and negligent infliction of emotional distress based on employment-related actions that were "part of the normal risk of employment," should be dismissed because Plaintiff's sole remedy lies within the workers' compensation law.

25. **Plaintiff's filing of the Second Action is an attempt at manipulating the process to avoid removal and should be deemed a fraudulent joinder**. In a factually similar case of *Chase v. Shop "N Save Warehouse Foods*, 110 F.3d 424, 429 (7th Cir. 1997), the plaintiff filed a complaint in state court. Thereafter, the defendant removed the case to federal court based on diversity jurisdiction and relied, in part, on the complaint's allegations as the basis for removal based on diversity. When the district court denied plaintiff's motion for remand and retained jurisdiction over the case, plaintiff voluntarily dismissed the case. *Plaintiff thereafter filed a second complaint arising out of the same events in state court*. *Id.* Notably, the second complaint was devoid of the allegations that served as the basis for establishing diversity jurisdiction in the first complaint. In upholding the

20305550_1.docx

Case No. _____

DEFENDANT ADT LLC'S NOTICE OF REMOVAL OF ACTION

denial of Plaintiff's motion for remand, the Seventh Circuit derided Plaintiff's antics to "manipulate the process to void the removal." *Id*. at 368

26. **Because Lamberth and Slight were fraudulently joined, their citizenship should be disregarded**. Where it is improper to name an individual supervisor as a defendant under state law, the joinder of the individual is fraudulent and should be disregarded. *See McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (ignoring individual as sham defendant because under California law individual supervisor cannot be liable for discrimination). Because none of Plaintiff's claim is viable against Lamberth and Slight as individuals, they are sham defendants, and their citizenships are irrelevant. Therefore, diversity citizenship exists. *See Gaw v. Arthur J. Gallagher & Co.*, 2008 WL 111238 (N.D. Cal., Jan. 9, 2008) (not reported in F.Supp.2d) (retaining federal jurisdiction pursuant to theory of fraudulent joinder where plaintiff did not allege viable claims against individual non-diverse supervisory defendants, including intentional infliction of emotional distress claim).

27. **Lamberth and Slight do not need to consent or join in the removal.** Joinder is not required by Lamberth and Slight because they are nominal or sham defendant. *See Northern Ill. Gas Co. v. Airco Industrial Gases*, 676 F.2d 270, 272 (7th Cir. 1982) (nominal parties are not required to join in a removal petition); *Farias v. Bexar County Bd. of Trustees for Mental Health*, 925 F.2d 866, 871 (5th Cir. 1991) (nominal parties not required to join in a removal petition are parties against whom "there is no possibility that the plaintiff would be able to establish a cause of action").

/ / /

/ / /

/ / /

/ / /

/ / /

Case No. _____

DEFENDANT ADT LLC'S NOTICE OF REMOVAL OF ACTION

## V.      THE AMOUNT IN CONTROVERSY OF $75,000 IS MET

28.      In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including lost wages, emotional distress damages, punitive damages, and statutory penalties.  *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).

29.      The First Complaint made a claim for race and sex discrimination and sought damages for lost income and punitive damages.  Specifically, the First Complaint alleged that Plaintiff suffered $50,000 in lost income based on ADT's alleged discriminatory failure to train her.  Exhibit A, 2:15.  The Complaint also sought $50,000 in punitive damages.  Exhibit A, 2:16.

30.      The Second Complaint continues to allege that ADT discriminated against her based on her race and sex by failing to train her <u>and</u> adds a claim for emotional distress.  Unlike the First Complaint, however, the Second Complaint is devoid of any specific request for damages and only makes a vague prayer for "justice" for her suffering.

31.      The Court may, for removal purposes, look to the removal papers and prior pleadings for underlying facts establishing the jurisdictional minimum for the amount in controversy.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). *Deaver v. BBVA Compass Consulting & Benefits, Inc.*, No. 13-CV-00222-JSC, 2014 WL 2199645, at *3 (N.D. Cal. May 27, 2014) (holding that the plaintiff is held to the allegations in previously filed complaints to calculate the amount in controversy); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 429 (7th Cir. 1997) (holding that a plaintiff is held to her prior allegations of the amount in controversy).

32.      Here, it is particularly appropriate that the Court rely on Plaintiff's prior admissions in her First Complaint to determine the amount in controversy because the Second Complaint is based on the same nucleus of facts as the case now pending

Case No. _____

DEFENDANT ADT LLC'S NOTICE OF REMOVAL OF ACTION

before the Honorable Andrew Guilford in the U.S. District Court, Case No. 8:14-cv-01930-AG-AN.  Indeed, it appears that Plaintiff filed the Second Complaint to avoid this Court's jurisdiction over the case and ADT's motion to dismiss.  *See Chase v. Shop 'N Save Warehouse Foods*, Inc., 110 F.3d 424, 429 (7th Cir. 1997).

33.    In *Chase*, *supra*, 110 F.3d at 429, where the plaintiff filed a complaint in state court based on an assault that occurred in a parking lot.  The complaint alleged damages "in excess of $15,000" but the plaintiff refused to answer discovery requests seeking the amount of her damages or stipulate that her damages were less than $50,000.  Thereafter, the defendant removed the case to federal court based on diversity jurisdiction and relied on the complaint's allegations and Plaintiff's refusal to stipulate to less than $50,000 in damages to establish the amount in controversy.  *Id*. at 426.  After the district court denied plaintiff's motion for remand, plaintiff dismissed the case and thereafter filed a second complaint arising out of the same assault in state court.  *Id*.  This second complaint omitted the allegations that served as the basis for establishing the amount in controversy in the first complaint.  In a decision upheld by the Seventh Circuit, the district court allowed the defendant to rely on the allegations in the first complaint in order to establish the amount in controversy.  *Id*. at 368

34.    **Plaintiff seeks $100,000 in lost income and punitive damages**.  Similarly, this Court should allow Defendant to rely on the allegations in Plaintiff's First Complaint for purposes of removal.  Plaintiff's Second Complaint is devoid of any specific request for damages and only makes a vague prayer for "justice" for her suffering based on ADT's alleged discriminatory failure to train her.  As noted above, Plaintiff's First Complaint establishes that she is seeking at least $100,000 in damages for lost income ($50,000) and punitive damages ($50,000).  Exhibit A, 2:15-16.

35.    **Plaintiff also seeks emotional distress damages**.  The Second Complaint adds a claim for emotional distress. Exhibit E- Second Complaint, 3:14.

DEFENDANT ADT LLC'S NOTICE OF REMOVAL OF ACTION

While Plaintiff does not state a specific amount of damages for emotional distress, "the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude the court from noting these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands did not prevent satisfaction of amount in controversy).

36.    Emotional distress damages can indeed be substantial.  *Campbell v. Nat. Passenger R.R. Corp.*, 2009 WL 692094 (N.D. Cal. Mar. 3, 2009) (awarding $120,000 in non-economic damages in a retaliation/wrongful termination case). Juries have provided substantial emotional distress awards in employment cases alleging wrongful termination in violation of public policy.  *See Kyme Dang v. Barry Hankerson and Wendy Linares*, 2011 WL 1250148 (Los Angeles Cnty. Super. Ct. Mar. 17, 2011) (awarding plaintiff $600,000 for emotional distress, for claims of, inter alia, wrongful termination); *Reagan v. Sierra Nevada Mem'l Hosp.*, 2004 WL 3250331 (Nev. Cnty. Super. Ct. Oct. 28, 2004) (awarding the plaintiff, who alleged retaliatory constructive termination, past non-economic damages of $150,000); *Chopourian v. Catholic Healthcare West*, 2012 WL 767196 (E.D. Cal. Feb. 29, 2012) (awarding $5,000,000 in non-economic damages to plaintiff alleging, inter alia, wrongful termination, intentional infliction of emotional distress, and failure to provide adequate meal and rest periods); *Doumit v. Bd. of Pharmacy, State of Cal.*, 2000 WL 33270446 (Sacramento Cnty. Super. Ct. Dec. 21, 2000) (awarding plaintiff $500,000 for emotional distress damages); *Garcia v. Cal. Dept. of Ed.*, 2000 WL 33310820 (Sacramento Cnty. Super. Ct. Dec. 7, 2000) (awarding over $125,000 in emotional distress damages after plaintiff claimed he was retailed against for whistle-blowing); *Brown v. County of Los Angeles*, 2010 WL 6986636 (Los Angeles Cnty. Super. Ct. Nov. 22, 2010) (plaintiff seeking loss of earnings, bonuses, other employment benefits, and emotional distress damages for retaliation, wrongful discharge in violation of public policy, and intentional infliction of emotional

20305550_1.docx

distress, awarded $100,000 in past non-economic damages); *Levin v. Canon Business Solutions, Inc.*, 2009 WL 2256706 (Los Angeles Cnty. Super. Ct. June 19, 2009) (plaintiff alleging intentional infliction of emotional distress and wrongful discharge in violation of public policy is awarded $200,000 in emotional distress damages).  It is clear that emotional distress damages *alone*, particularly in similar employment cases, often exceed the amount of $75,000.

37.    Accordingly, Plaintiff's emotional distress allegations, combined with Plaintiff's claim for $100,000 in alleged lost income and punitive damages, confirm the amount in controversy in this case exceeds $100,000.

## VI.    DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446.

38.    In accordance with 28 U.S.C. §1446(a), this notice of removal is filed in the district court of the United States in which the action is pending.  The Superior Court of the State of California for the County of Orange is located within the Western Division of the Central District of California.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. 84(a).

39.    In accordance with 28 U.S.C. §1446(a), this notice of removal is accompanied by Exhibit E, which is comprised of all copies of all process, pleadings, and orders served upon Defendants in this Second Action.

40.    In accordance with 28 U.S.C. §1446(b),  ADT's Notice of Removal was filed within 30 days after January 13, 2015—the first date that Plaintiff served the Second Complaint on any defendant in this action.

41.    In accordance with 28 U.S.C. §1446(d), ADT will give written notice of the removal of this action to Plaintiff and file a copy of this Notice with the Superior Court of the State of California for the County of Orange.

42.    Accordingly, Defendants remove the above-entitled action to this Court.

/ / /

/ / /

43.    In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants request that it issue an Order to Show Cause so that Defendants may have an opportunity to more fully brief the basis for removal.

DATED:  February 12, 2015                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/ Vicky H. Lin
     Linda Claxton
     Vicky H. Lin

Attorneys for Defendant
ADT LLC, Wesley Lamberth,
and Shannon Slight

20305550.1

Case No. _____

20305550_1.docx

DEFENDANT ADT LLC'S NOTICE OF REMOVAL OF ACTION